**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN R. FISHER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:15-2081** |
| **v.** | : | **(JUDGE MANNION)** |
| **MEGAN L. KING, ESQ.,** <u>et</u> <u>al</u>., | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I.   Background

Plaintiff, John R. Fisher, a resident of Dingman's Ferry, Pennsylvania, filed the above captioned counseled civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are Megan L. King, an Assistant District Attorney ("ADA") for Lancaster County, Pennsylvania, and Eric Zimmerman, a Detective for the Northern Lancaster County Police Department ("NLCPD"). Plaintiff sues both defendants in their individual and official capacities.

Plaintiff alleges that in May 2012, Zimmerman indicated he was investigating a complaint made to the Lancaster County Office on Aging and Protective Services regarding his handling as broker of investment accounts of his in-laws, and that he was going to arrest plaintiff for signing a Power of Attorney for his mother-in-law that transferred the account funds to him. Plaintiff further alleges that during the investigation, both King and

Zimmerman possessed evidence that proved that he never executed a signature as Power of Attorney for his in-laws, that he was not involved with the signing of any documents by his in-laws regarding the transfer of funds, and that no monies were ever transferred to him. Plaintiff also alleges that Zimmerman fabricated facts against him in an arrest affidavit which he knew were not true. Despite their knowledge that probable cause did not exist to charge plaintiff with any crime, plaintiff alleges that defendants continued their investigation which lead to the May 6, 2013 arrest warrant issued against him by the NLCPD. Subsequently, plaintiff was arrested on charges of theft by deception, criminal conspiracy and securing execution of documents by deception. All of the charges specifically stated that the offenses occurred at 210 Red Oak Drive, Penn Township, Lancaster County, Pa. (Doc. 1, at 11-12).

Plaintiff had a preliminary hearing on the charges before a Lancaster County Magisterial District Judge in November 2013, and Zimmerman testified. King was the prosecutor. The charges against plaintiff were all bound over for trial before the Lancaster County Court of Common Pleas. Plaintiff states that after a case conference with Lancaster County Judge Madenspacher, the Lancaster County District Attorney dismissed the charges against him on February 20, 2015, and the judge issued an order of dismissal

and an expungement order.

On October 27, 2015, Plaintiff filed the instant civil rights action, (Doc. 1), in which he seeks compensatory and punitive damages against both defendants as well as attorney's fees under 42 U.S.C. §1988.[1] Plaintiff raises two claims against both defendants, false arrest in violation of the 4th Amendment and malicious prosecution. The Summons was issued as to both defendants, (Doc. 2), and to date, no return of service as been filed as to either defendant.

## II.   **Discussion**

Plaintiff correctly states in his complaint that this court has jurisdiction over his action under 28 U.S.C. §1331 and 28 U.S.C. §1343. However, plaintiff incorrectly states that "[v]enue is proper in this Court pursuant to 28 U.S.C. §1391(a) since a substantial part of the events or omissions giving rise to the claims of the Plaintiff occurred in this district, and all parties are subject to personal jurisdiction in this district." (Doc. 1, at 3). In fact, neither defendant

---

[1]With respect to the plaintiff's request for monetary damages, the court notes that defendant King enjoys prosecutorial immunity. Prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. See Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.App'x. 363, 365 (3d Cir. 2007).

is located in this district and the substantial portions of the events giving rise to plaintiff's constitutional claims occurred in the Eastern District of Pennsylvania, including the alleged execution of the powers of attorney by plaintiff's in-laws, the alleged improper criminal investigation, and the alleged filing of the false charges against him. Further, the prosecution of plaintiff occurred in Lancaster County and plaintiff's in-laws were in Lancaster County as well as their property. The alleged theft of his in-laws property and the events giving rise to the charged criminal offenses all occurred in Lancaster County. The only connection to this district is plaintiff's residence and two of his offices are located here.

Venue for actions brought under §1983 is governed by 28 U.S.C. §1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. In Cottman Transmission Systems v. Martino, 36 F.3d 291, 294 (3d Cir. 1994), the Third Circuit stated with respect to §1391(b)(2) that "events or omissions that might only have some tangential connection

with the dispute in litigation are not enough."

Since the incidents complained of emanate from Lancaster County, and the defendants are in that county, which is located in the Eastern District of Pennsylvania, venue is more appropriate in the Eastern District, not in this one. As such, the action should be transferred.

"A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. §1404(a), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015) (citations omitted). For the convenience of the parties and witnesses and in the interest of justice, this case will be transferred to the Eastern District of Pennsylvania. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 12, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2081-01.wpd